## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Estate of Mary E. McClain,**

**No. 15-0434** (Cabell County 16192, 16467, and 19172)

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven Adams, pro se, appeals the April 9, 2015, order of the Circuit Court of Cabell County directing the final distribution of real estate sale proceeds from the Estate of Mary E. McClain. Respondent Lolita Joyce Crews, pro se, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mary E. McClain ("decedent") died intestate in 1959. Ms. McClain's estate consisted of the McClain Funeral Home ("funeral home") and the Bethel Memorial Park Cemetery ("cemetery") in Huntington, West Virginia. The cemetery was maintained in connection with the operation of the funeral home and included 10⅛ acres of real estate. The funeral home consisted of a ten-room dwelling and two other buildings.

Petitioner and respondent are among the heirs of decedent's children,[1] who were her heirs at law. Decedent's children were Henry P. McClain, John W. McClain, Etta C. Holland, Grace D. Lockett, James S. McClain, Frances M. Joyce, and William A. McClain, all of whom are now deceased. Petitioner is a grandson of James S. McClain. Respondent is the daughter of Francis M. Joyce.

The litigation over decedent's estate has been protracted. The first action, No. 16192, was filed on October 3, 1966, by Etta C. Holland and James S. McClain to set aside a deed purporting to convey the eastern half of the cemetery from decedent to her daughter Frances M. Joyce and Ms. Joyce's husband. The second action, No. 16467, was filed on December 10, 1966, and also named

---

[1]Respondent was the only heir to file a response to petitioner's appeal.

1

Frances M. Joyce as the defendant.[2] That complaint sought relief in the form of an order requiring Frances M. Joyce to make a full accounting to all the other heirs of profits earned from the operation of the funeral home and the cemetery and awarding monetary damages against Ms. Joyce for any conversion of the assets of decedent's estate. Frances M. Joyce and her husband filed the third action, No. 19172, on May 16, 1968, seeking a partition by sale of the real property owned by decedent.

The three actions were consolidated for a bench trial on October 3 and 4, 1968. Following trial, the circuit court found, in No. 16192, that the alleged deed from decedent to Frances M. Joyce and her husband was not valid because it was never delivered. In No. 16467, the circuit court determined that Frances M. Joyce owed each of decedent's other children $1,176.67. In No. 19172, the circuit court ordered the partition by sale of decedent's real property. Frances M. Joyce appealed to this Court. In *Holland v. Joyce*, 155 W.Va. 535, 545-46, 185 S.E.2d 505, 512-13 (1971), we affirmed the circuit court's determinations, but reversed the judgment against Frances M. Joyce in No. 16467 finding that Ms. Joyce could be owed a credit for a payment of $6,315.66 made by her into decedent's estate. Accordingly, we remanded the case with directions to determine whether Frances M. Joyce was owed a credit against the judgment against her, "if any." *Id.* at 546, 185 S.E.2d at 513.

The judge who presided at the bench trial had retired. According to the circuit court's final order, the newly assigned judge wrote the parties inquiring whether further evidence or briefing was necessary and obtained a response in the "negative." Accordingly, the circuit court entered an order on May 29, 1974, based on "the directives of the West Virginia Supreme Court of Appeals and the pleadings before [it]." In the May 29, 1974, order, the circuit court found that Frances M. Joyce owed decedent's other children a total of $7,061.82 plus interest and confirmed the partition by sale of decedent's real property by ordering the distribution of the proceeds. The May 29, 1974, order was not appealed.

At an August 12, 2013, hearing, the circuit court explained that following the entry of its May 29, 1974, order, a special commissioner was appointed to attempt to "get [this] thing resolved" but that "[i]t was just never able to be resolved."[3] The circuit court proceeded to take the testimony of Toi McClain Spears, the last special commissioner appointed in the case.[4] The circuit

---

[2]The second action was filed by Etta C. Holland, James S. McClain, Willa Holman, and Kathleen Johnson. Willa Holman and Kathleen Johnson were the children of decedent's son William A. McClain.

[3]There are substantial gaps in the record, and the reason why the case was unable to be resolved before 2013 is not apparent.

[4]Toi McClain Spears, who is now deceased, was one of the heirs of decedent's children; however, the record reflects that she was appointed special commissioner without objection from the other heirs.

2

court heard argument from petitioner regarding his belief that other real properties and/or assets should have been included in decedent's estate. The circuit court ruled that the instant case involved no assets or properties other than those identified in our opinion in *Holland*. The circuit court found that the funeral home, the cemetery, and the real estate associated with those businesses were the only assets involved in the three consolidated matters that were appealed to this Court. *See* 155 W.Va. at 537, 185 S.E.2d at 508. Following our remand in *Holland*, the circuit court explained that it was constrained to implement the directives set forth in our opinion. The circuit court informed petitioner that if he wanted to allege that other assets belonged to decedent, he would need to file a new action assuming that it would not now be barred by the statute of limitations.

Based on the findings made at the August 12, 2013, hearing, the circuit court entered a final order on April 9, 2015.[5] In the final order, the circuit court first determined that "[t]here is no personal property involved" and that "no other issue other than distribution of the [real estate sale proceeds]" was before the court. Next, the circuit court found that the proceeds from the sale of decedent's real property was $35,515.07. The circuit court determined that $782 in fees and expenses was owed to Toi McClain Spears as special commissioner and that the "net distributable proceeds are $34,733.08." Finally, recognizing that decedent's children are now deceased, the circuit court made the following findings with regard to the distribution of the net proceeds:

19.    That varying additional testimony was given regarding the consanguinity and descendants of the heirs of the [c]hildren [of] Mary E. McClain.

20.    That such information was speculative and offered little in the way of probate proceedings, residences[,] and jurisdictions at the time of death, and testacy or intestacy at the death of the [c]hildren of Mary E. McClain.

21.    That any attempt by this [c]ourt to distribute beyond the generational level of the children of Mary E. McClain would be a speculative guess.

Accordingly, after directing the payment of the special commissioner, the circuit court directed the Circuit Clerk of Cabell County to pay $5,788.84 to the estates of each of decedent's children. With regard to the judgment in No. 16467, the circuit court ruled, as follows:

[T]he [c]ourt recognizes the claims of Etta C. Holland, James McClain, John McClain, Grace Lockett, Willa Holman, and Kathleen Johnson, or their respective Estates, against the Estate of Frances [M. Joyce] and . . . such claims shall be satisfied if possible, under the priority hierarchy of estate debt payments as set forth

---

[5]The findings at the August 12, 2013, hearing were made by Judge David M. Pancake who has since retired. Newly assigned Judge Christopher D. Chiles utilized Judge Pancake's findings to craft the directives set forth in the April 9, 2015, final order.

in the West Virginia Code,[6] prior to distribution to any heir of the Estate of Frances [M.Joyce].

Petitioner appeals the circuit court's April 9, 2015, order directing the final distribution of real estate sale proceeds from the Estate of Mary E. McClain. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). We note that whether the circuit court correctly interpreted a mandate of this Court and whether the circuit court complied with such mandate constitute questions of law subject to de novo review. *See* Syl. Pt. 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003).

On appeal, petitioner contends that decedent's estate included assets in addition to those identified in our opinion in *Holland*.[7] The circuit court rejected petitioner's argument at the August 12, 2013, hearing, and ruled that it was constrained to implement the directive set forth in our opinion. In *Holland*, we affirmed the circuit court's rulings following the bench trial with the sole exception of remanding the case with directions to determine whether Frances M. Joyce was owed a credit against the judgment against her, "if any." 155 W.Va. at 546, 185 S.E.2d at 513. On remand, the circuit court acted in accordance with our directive and determined that Frances M. Joyce owed decedent's other children a total of $7,061.82 plus interest. At the same time, the circuit court confirmed the partition by sale of the real property. *See Id.* at 545, 185 S.E.2d at 512. (affirming trial court judgment in every other aspect).

"Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Syl. Pt. 3, *Cummings*, 214 W.Va. at 805 591 S.E.2d at 731. We further held in Syllabus Point 2 of *Cummings* that "[l]imited remands explicitly outline the issues to be addressed by the circuit court and create a narrow framework within which the circuit court must operate." *Id.* Given that we affirmed the judgment following the bench trial in every aspect other than the determination of a possible credit, we determine that the circuit court was correct that it was constrained by the limited remand from *Holland*. Therefore, we conclude that the circuit court did not err in obeying this Court's mandate in *Holland* and refusing petitioner's request for it to find that other assets belonged to decedent for purposes of distribution of her estate.

We summarily reject petitioner's other assignments of error. First, petitioner alleges that the circuit court did not provide him with an opportunity to be heard, but the transcript of the

---

[6]Chapter 44 of the West Virginia Code governs the administration of estates including proof and allowance of claims against decedents' estates. *See* W.Va. Code §§ 44-2-1 to -29 and W.Va. Code §§ 44-3a-1 to -44 (alternate procedure available at county's option).

[7]We note that respondent opposes this and all other assignments of error.

4

August 12, 2013, hearing belies this assertion. Second, petitioner alleges that he has good cause for a "reinstatement" with no explanation of what he seeks to have reinstated. To the extent that petitioner contends that there is good cause to allow him to make a new claim in this nearly fifty-year-old case, that contention has no merit for reasons already expressed.

For the foregoing reasons, we affirm the April 9, 2015, order of the Circuit Court of Cabell County directing the final distribution of real estate sale proceeds from the Estate of Mary E. McClain.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Menis E. Ketchum