# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Douglas Brown and Brenda Harriet Brown,**
**Defendants Below, Petitioners**

**vs)  No. 18-0110** ( Mason County 11-C-71)

**Smith McCausland,**
**Plaintiff Below, Respondent**

**FILED**

**February 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners William Douglas Brown and Brenda Harriet Brown, by counsel Robert W. Bright, appeal the Circuit Court of Mason County's January 10, 2018, order denying petitioners' motion for relief from judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure and motion to consolidate. Respondent Smith McCausland, by counsel Daniel J. Konrad, filed a response in support of the circuit court's order. Petitioners filed a reply. Petitioners argue that the circuit court erred in denying their motion for relief of judgment and motion to consolidate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent is the maternal uncle of petitioners, who are siblings. In July of 2011, respondent filed an action in the Circuit Court of Mason County against petitioners requesting partition-in-kind of real property jointly owned by them.[1] The circuit court appointed commissioners to complete an investigation of the requested partition. Thereafter, the commissioners held a hearing, heard evidence, and, ultimately, issued a report of their findings. Petitioners objected to the commissioners' findings. The circuit court, by order entered August 20, 2014, affirmed the commissioners' findings in their entirety. Thereafter, petitioners appealed the August 20, 2014, order to this Court and argued, in part, that the division of property mandated by the commissioners, and affirmed by the circuit court, was inequitable.

In *Brown v. McCausland*, No. 14-0956, 2015 WL 3875783 (W.Va. June 22, 2015)(memorandum decision), this Court affirmed the circuit court's August 20, 2014, order.

---

[1] Respondent held a one-half interest in the property at issue, while petitioners shared a combined one-half interest inherited from their mother.

1

Petitioners sought a Writ of Certiorari from the United States Supreme Court, which was denied by order entered January 16, 2016. Thereafter, petitioners argue that they attempted to negotiate with a third party, CSX, to obtain access to the portion of petitioners' property that petitioners contend was restricted by the partition.[2]

On February 26, 2016, petitioners filed a declaratory judgment action against CSX in the Circuit Court of Mason County. CSX removed the action to federal court, where it was dismissed for lack of jurisdiction. On April 18, 2017, petitioners re-filed their declaratory judgment action against CSX in the Circuit Court of Mason County and it was assigned Civil Action No. 17-C-42. Petitioners then filed a motion in the underlying partition action, Civil Action No. 11-C-71, for relief from the circuit court's August 20, 2014, order, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, and filed a motion to consolidate the declaratory judgment action with the partition action.

In their Rule 60(b) motion, petitioners argued that the circuit court's August 20, 2014, order affirming the commissioners' findings in the partition action was void as the court failed to join CSX as a necessary party in that action. A hearing on petitioners' motions was held on December 13, 2017. On January 10, 2018, the circuit court issued an order denying petitioners' motions. Specifically, the court found that the issues raised by petitioners in their Rule 60(b) motion were clearly addressed and resolved in the underlying partition action, to which CSX was not an indispensable party. As to petitioners' suggestion that the prior rulings in the partition action were inequitable, the court noted that because such claims had previously been "thoroughly considered and rejected," the claims were barred by res judicata. The court found no extraordinary or other circumstances to warrant the application of Rule 60(b). As to the motion to consolidate, the circuit court found that because the underlying partition case was completely resolved, petitioners' motion to consolidate was without merit. It is from the circuit court's January 10, 2018, order that petitioners now appeal.

On appeal, petitioners assert a single assignment of error, arguing that the trial court erred in denying their relief from judgment and motion to consolidate. We have long held that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). We have further noted that, "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler*. "In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." Syl. Pt. 4, *Toler*.

Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in part, that

---

[2] Petitioners infer that pursuant to a written agreement between the parties' predecessors-in-interest, CSX has a duty to provide petitioners access to the partitioned portion of the property at issue.

[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioners argue that the circuit court abused its discretion in denying their motion for relief from judgment, as CSX was an indispensable party to the underlying partition action and was not included therein. We disagree and concur with the circuit court's determination that CSX was not an indispensable party to the underlying partition action. We have previously held that "[w]hen a court proceeding directly affects or determines the scope of rights or interests in real property, any persons who claim an interest in the real property at issue are indispensable parties to the proceeding." Syl. Pt. 4, in part, *State ex rel. Southland Properties, LLC, v. Hon. David R. Janes*, 240 W.Va. 323, 811 S.E.2d 273 (2018)(citing Syl. Pt. 2, *O'Daniels v. City of Charleston*, 200 W.Va. 711, 490 S.E.2d 800 (1997)).

Here, the circuit court specifically found that CSX did not, at any time relevant hereto, have an ownership interest in the property that was the subject of the underlying partition action and, at no time, was a property right of CSX ever partitioned. Based upon these reasoned findings and the limited circumstances of this case, we find that the circuit court did not abuse its discretion in determining that CSX was not an indispensable party to the underlying partition action and that petitioners were not entitled to relief under Rule 60(b).

Petitioners further argue that they are entitled to relief under Rule 60(b) because the circuit court's denial of their motion is inequitable and, generally, leads to a decrease in the overall value of petitioners' property. Respondent argues, and we agree, that petitioners' claims as to the alleged inequitable nature of the underlying partition are barred by res judicata. We have long held that

[b]efore the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr. Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997). In the underlying partition case, there was a final adjudication on the merits, involving petitioners and respondent, in which petitioners advanced arguments that the partition was inequitable in nature. We agree with the circuit court and find that the existence of this previous final adjudication under these limited circumstances triggers the application of res judicata. The circuit court further determined, and we concur, that petitioners failed to establish the existence of any extraordinary circumstances to warrant the application of Rule 60(b). Accordingly, we find no

3

abuse of the circuit court's discretion in denying petitioners' motion for relief from judgment under Rule 60(b).

As to the motion to consolidate, we note that petitioners provide no citation to any specific authority in support of their position as to the impropriety of the denial of their motion to consolidate, aside from those specifically relating to Rule 60(b). We have reasoned that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kauffman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011)(quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

With respect to motions to consolidate, we have held generally that

[a] trial court . . . has a wide discretionary power to consolidate civil actions for joint hearing or trial and the action of a trial court in consolidating civil actions . . . . will not be reversed in the absence of a clear showing . . . of prejudice to any one or more of the parties to the civil actions which have been so consolidated.

Syl. Pt. 1, in part, *Holland v. Joyce*, 155 W.Va. 535, 185 S.E.2d 505 (1987).

Here, despite the deficiencies in the presentation of petitioners' argument, we find that the circuit court was well within its "wide discretionary power" to deny petitioners' motion for consolidation. The circuit court determined that the issues in petitioners' declaratory judgment action against CSX were a "wholly separate issue as to partition of lands already decided" rendering consolidation improper. Accordingly, as petitioners' made no showing of prejudice on the part of the circuit court and offered no additional arguments in support of their position, we find no abuse of discretion in the court's denial of petitioners' motion to consolidate.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 11, 2019

---

[3] We note that on January 7, 2019, petitioners filed a *Motion to Supplement Appeal and Appendix with Additional Evidence and Argument Out of Time* to request consideration of a December 7, 2018, order of the Circuit Court of Mason County granting summary judgment to CSX in a declaratory judgment action brought by petitioners. Respondent objected to petitioners' motion and argued that CSX's ultimate responsibility to petitioners is of no consequence to the disposition of the instant case. Consistent with our findings herein, we agree with respondent and hereby deny petitioners' *Motion to Supplement Appeal and Appendix with Additional Evidence and Argument Out of Time*.

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison