403 S.E.2d 435

**Eileen F. HUTSON, Richard Michael Hutson, Brenda K. Tinsman and Douglas P. Tinsman, Petitioners,**

**v.**

**Honorable Patrick G. HENRY, III, Judge of the Circuit Court of Berkeley County, Plaza Personnel and Reporting Service, Inc. and Kenneth Graybill, Respondents.**

No. 20006.

Supreme Court of Appeals of West Virginia.

Submitted March 13, 1991.

Decided March 28, 1991.

quests for reinstatement and backpay are premature.

Laura R. Coltelli, Greensberg & Coltelli, Martinsburg, W.Va., for petitioners.

Barry P. Beck, Kery A. Fries, Martin & Seibert, Martinsburg, W.Va., for respondents Plaza Personnel and Reporting Services, Inc. and Kenneth Graybill.

PER CURIAM:

Plaintiffs in two separate civil actions against the same defendants seek a writ of

prohibition against the Honorable Patrick G. Henry, II, Judge of Circuit Court of Berkeley County, to restrain him from consolidating their separate suits. Although both suits allege that the defendants engaged in similar acts in violation of the plaintiffs' rights, the plaintiffs object to consolidation because of the potential conflict of interest among the differently situated plaintiffs who seek to recover damages from the same defendants. Because the potential conflict of interest constitutes a clear showing of prejudice to the plaintiffs, we find that the circuit court abused his discretion in ordering consolidation and, therefore, we issue a writ of prohibition to prohibit this consolidation.

Eileen F. Hutson and Brenda K. Tinsman were both employed by Plaza Personnel, an employment placement business. They were both supervised by Kenneth Graybill, Plaza Personnel's president. Mrs. Hutson was employed on September 27, 1987 as an office manager and counselor. Mrs. Hutson was paid on commission. Mrs. Hutson, who resigned on May 12, 1988, maintains in her complaint filed on April 13, 1989 that Mr. Graybill sexually harassed her and failed to pay all of her commissions. The civil action of Mrs. Hutson and her husband, Richard Michael Hutson, was set for trial on September 18, 1990, but continued on the Hutsons' motion when Mr. Graybill appeared for trial with a cane following hip surgery.

The second suit arises from Mrs. Tinsman's employment with Plaza Personnel as its temporary placement division manager. Mrs. Tinsman, who was hired on November 2, 1987, was also paid on commission; however, Mrs. Tinsman's commission was calculated differently than Mrs. Hutson's. Mrs. Tinsman, who resigned on May 12, 1988, maintains in her complaint filed on June 2, 1989 that Mr. Graybill sexually harassed her, failed to pay all of her com-

missions and tortiously interfered with her subsequent employment. Mrs. Tinsman and her husband, Douglas P. Tinsman, were still in the discovery stage when their case was consolidated.

On October 22, 1990, the circuit court, over the objections of the plaintiffs, consolidated the Hutsons' and Tinsmans' cases and scheduled the consolidated trial for March 5, 1991. The circuit court found that the cases arose from the same facts and presented a common question of law. The Hutsons and Tinsmans filed a petition in this Court seeking to stop the consolidation of their cases. This Court issued a rule to show cause why a writ of prohibition should not be granted, returnable on March 13, 1990. The principal question before this Court is whether the consolidation of these cases was an abuse of discretion.

I

Rule 42(a) of the *West Virginia Rules of Civil Procedure*, authorizes a trial court to consolidate two or more suits pending before it when the suits "involv[e] a common question of law or fact...."[1] The purpose of Rule 42 is "to promote judicial dispatch and economy, and to guarantee substantial justice to the parties. (Citation omitted)." *Pickett v. Taylor*, 178 W.Va. 805, 364 S.E.2d 818, 821 (1987).

Although "[t]he circuit court is vested with a broad discretion to determine whether consolidation is desirable," the court abuses that discretion when one or more of the parties is prejudiced. *Pickett, id.* In Syllabus Point 1, *Pickett, id.*, we said:

"A trial court, pursuant to the provisions of R.C.P. 42, has a wide discretionary power to consolidate civil actions for joint hearing or trial and the action of a trial court in consolidating civil actions

1. *W.Va.R.C.P.*, Rule 42(a) [1978], states: *Consolidation of actions in same court.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. An action is pending before the court within the meaning of this subdivision if it is pending before the court on an appeal from a justice of the peace.

**694**

for a joint hearing or trial will not be reversed in the absence of a clear showing of abuse of such discretion and in the absence of a clear showing of prejudice to any one or more of the parties to the civil actions which have been so consolidated." Syllabus Point 1, *Holland v. Joyce*, 155 W.Va. 535, 185 S.E.2d 505 (1971).

*See also, Fortner v. Napier*, 153 W.Va. 143, 168 S.E.2d 737 (1969).

■ Because of prejudice caused by the potential conflict of interest, we find the consolidation of these suits was an abuse of discretion. The circuit court's decision was not based on judicial economy, but rather the defendants' economy in defending only one case and having to establish their counterclaim only one time. The circuit court noted an overlap of potential witnesses, testifying about similar events. Although both Mrs. Hutson and Mrs. Tinsman allege that Mr. Graybill sexually harassed them at work and failed to pay them according to their separate contracts, these allegations are based on specific instances that are not always identical and on contracts with different compensation formulas. In addition the plaintiffs allege different damages. Finally, Mrs. Tinsman also alleges tortious interference with her subsequent employment.

The consolidation of the cases would create a substantial injustice to the plaintiffs because the jury might compare the cases in determining damages and the plaintiffs would have a potential conflict of interest because they would be seeking damages from the same defendants. The plaintiffs are represented by the same lawyer who, if the cases remain consolidated, might be unable to represent both sets of plaintiffs because of the conflict of interest.

We find that the consolidation of the plaintiffs' cases was an abuse of discretion because of the potential prejudice to the plaintiffs. It is, therefore, Adjudged, Ordered and Decreed that a peremptory writ of prohibition be issued against the consolidation of the subject civil action. It is further, Adjudged, Ordered and Decreed that service of an attested copy of this opinion shall have the same force and effect as the service of a formal writ.

Writ Granted.