438 S.E.2d 609

**STATE of West Virginia ex rel. APPALA-CHIAN POWER COMPANY, a Virginia Corporation; Ohio Power Company, an Ohio Corporation; and American Electric Power Service Corporation, a New York Corporation, Petitioners,**

v.

**Honorable Lyne RANSON, Judge of the Circuit Court of Kanawha County; Vicky Terry; Ray D. England; Cindy England; and Sharon K. Cragg, Administratrix of the Estate of Robert Hal Cragg, Respondents.**

No. 21882.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 2, 1993.

Decided Dec. 14, 1993.

Charles R. McElwee, Sarah Stump Kolb, Robinson & McElwee, Charleston, for petitioners.

Sterl F. Shinaberry, Frank Venezia, Shinaberry, Meade & Venezia, Charleston, for respondents.

McHUGH, Justice:

The petitioners, Appalachian Power Company, Ohio Power Company and American Electric Power Service Corporation, seek a writ of prohibition from this Court to prohibit the Honorable Judge Lyne Ranson from consolidating for joint trial issues of liability in three tort actions instituted against them by the respondents, Vicky L. Terry, Ray D. England, and Sharon K. Cragg, administratrix of the estate of Robert Hal Cragg, deceased. We grant the writ as moulded.

## I

The three separate accidents underlying this proceeding in prohibition all occurred at the John Amos Power Plant (hereinafter "power plant"). The first accident occurred on January 13, 1986, when Vicky L. Terry was injured while she was hooking up rail cars on the north "catching" track of the power plant. While Ms. Terry was attempting to open the "knuckles" of a rail coal car, another car crashed into the line of cars she was working on. Ms. Terry's right hand and arm were caught between the couplers of two cars when the collision occurred.

On August 19, 1986, another accident occurred on the same track near where Ms. Terry was injured. Ray D. England was injured while he was attempting to connect air hoses between two unloaded rail coal cars. While he was trying to hook up the air hoses, a car above him rolled down the track and hit the line of cars he was working on. As he attempted to get out of the way, his hand was smashed between the couplers of the two cars. The injuries he sustained resulted in the amputation of one of his fingers.

The third accident occurred on January 23, 1987, while Robert Hal Cragg was working the evening shift as a "braker" on the "spot-

ting" end of the rail yard. Mr. Cragg was riding on the "lead-in" car of a locomotive which was bringing loaded rail coal cars to the unloading facility. It is alleged that when the locomotive approached the unloading facility, bad brakes and icy conditions caused the line of cars to collide into the unloading facility. Mr. Cragg was unable to get off the loaded rail coal car before he was crushed between the car and the unloading facility.

The respondents subsequently instituted three separate civil actions against the petitioners to recover for the damages they sustained as a result of these accidents. The respondents then moved to have the issues of liability in each of the three cases consolidated for trial. The circuit court granted the motion for consolidation, finding that "the judicial concerns favoring consolidation substantially outweigh the danger of unfair prejudice" to the petitioners. The petitioners now seek a writ of prohibition from this Court to prohibit the circuit court from consolidating the issues of liability in these three cases for joint trial.

II

In support of their petition, the petitioners assert that the trial court abused its discretion in consolidating these three cases for trial on the liability issues because consolidation is likely to confuse the jury and prejudice the petitioners.[1] The respondents maintain, among other things, that these three cases involve common issues of law and fact.[2] The respondents have also asserted that a writ of prohibition is not proper in this case

because such a writ will not issue to prevent an abuse of discretion by the trial court.[3]

Rule 42(a) of the *West Virginia Rules of Civil Procedure* governs consolidation of actions pending before a court:

**Rule 42. Consolidation; Separate Trials.** (a) *Consolidation of actions in same court.*—When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. An action is pending before the court within the meaning of this subdivision if it is pending before the court on an appeal from a justice of the peace.

 This Court first stated the standard governing consolidation of civil actions in syllabus point 1 of *Holland v. Joyce*, 155 W.Va. 535, 185 S.E.2d 505 (1971):

A trial court, pursuant to the provisions of R.C.P. 42, has a wide discretionary power to consolidate civil actions for joint hearing or trial and the action of a trial court in consolidating civil actions for a joint hearing or trial will not be reversed in the absence of a clear showing of abuse of such discretion and in the absence of a clear showing of prejudice to any one or more of the parties to the civil actions which have been so consolidated.[4]

(footnote added).

In *Pickett v. Taylor*, 178 W.Va. 805, 807, 364 S.E.2d 818, 821 (1987), this Court recog-

1. Among their other assertions, the petitioners contend that consolidation of the claims of Ms. Terry and Mr. England with the claim of the estate of Mr. Cragg will prejudice them because the circumstances of Mr. Cragg's death will be highly inflammatory and will be prone to have an adverse impact upon the petitioners in the two other actions.

2. The respondents contend that the critical issues in each of the three cases are whether there were proper railroad practices and procedures in the John Amos rail yard, and whether the braker's training was adequate.

3. We note that we granted a writ of prohibition in *Hutson v. Henry*, 184 W.Va. 692, 403 S.E.2d

435 (1991), finding that the trial court abused its discretion in consolidating two separate actions because of prejudice caused by a potential conflict.

4. The granting of separate trials is also within the sound discretion of the trial court. We held in syllabus point 6 of *Bennett v. Warner*, 179 W.Va. 742, 372 S.E.2d 920 (1988):

Parties moving for separate trials of issues pursuant to West Virginia Rule of Civil Procedure 42(c), or the court if acting *sua sponte*, must provide sufficient justification to establish for review that informed discretion could have determined that the bifurcation would promote the recognized goals of judicial economy, convenience of the parties, and the avoidance of

nized that the purpose of consolidation is "to promote judicial dispatch and economy, and to guarantee substantial justice to the parties." (citation omitted). Yet, while recognizing in *Pickett* that judicial economy may favor consolidation, we also observed that the decision to consolidate must balance convenience against the potential prejudice which may result.[5]

*Pickett* involved the consolidation for a joint trial of a wrongful death action and an action for battery. We held in *Pickett* that substantial prejudice flowed from consolidating for trial a suit for wrongful death resulting from a motor vehicle accident and a suit for battery involving an altercation immediately after the accident. We found that:

> The circumstances of the battery were highly inflammatory [sic] and prone to have an adverse impact on the wrongful death suit. There were at least two potential sources of prejudice. First, the posture of the consolidated cases could have led the jury to believe the wrongful death and battery were interdependent—that is, that recovery in the wrongful death suit was conditioned on the younger Hall being 'fault free' in the battery suit. Second, it would have been only natural for the jury to seek to 'punish' Hall's family for the perceived impetuousness of Marshall Hall. The cumulative and pervasive nature of the prejudice mandates a reversal under *Holland.*

*Id.* at 808, 364 S.E.2d at 821. *See also Hutson v. Henry*, 184 W.Va. 692, 403 S.E.2d 435 (1991) (Consolidation of former employ-

ees' suits against former employer and president to recover commissions and damages for sexual harassment would create potential conflict of interest, would prejudice employees, and therefore was an abuse of discretion).

While *Holland* and *Pickett* offer trial courts some guidance with respect to consolidation issues under *W.Va.R.Civ.P.* 42, we believe there are additional factors which should be considered. In *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.1990),[6] the Second Circuit of the United States Court of Appeals identified certain factors which should be considered by a court in the exercise of its discretion under *Fed.R.Civ.P.* 42(a):[7]

> When exercising its discretion, the court must consider:

> '[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'

> *Hendrix* [*v. Raybestos–Manhattan, Inc.,*] 776 F.2d [1492] at 1495 [(11th Cir. 1985)] (quoting *Arnold* [*v. Eastern Air Lines, Inc.,*] 681 F.2d [186] at 193 [(4th

---

prejudice, the overriding concern being the provision of a fair and impartial trial to all litigants.

**5.** *See also Green v. City of Coon Rapids,* 485 N.W.2d 712 (Minn.Ct.App.1992) (Decision whether to consolidate cases rests within discretion of trial court, balancing convenience against possibility of prejudice).

**6.** *Johnson* involved, among other things, whether the consolidation of asbestos-related personal injury claims filed against asbestos manufacturers was proper. The court recognized that the plaintiffs in both cases had the following characteristics: (1) common work site; (2) similar occupation to the extent that both plaintiffs were exposed to asbestos in a bystander capacity; (3) both plaintiffs' exposure began in the 1940's; (4)

one plaintiff suffered from asbestosis and asbestosis-related plural disease, while the other plaintiff had died as a result of asbestosis and lung disease; (5) one plaintiff was living and the other was deceased; (6) both cases were ready for trial; (7) all plaintiffs were represented by the same counsel; (8) the jury was instructed throughout the trial that the plaintiffs' claims should be considered individually; and (9) two separate verdict forms were provided for each of the plaintiffs. 899 F.2d at 1285. After considering these factors, the court concluded that the "trial court was well within its discretion to consolidate the two cases and the court acted throughout in a manner which ensured that each plaintiff's claim was considered separately." *Id.*

**7.** We note that *W.Va.R.Civ.P.* 42(a) and *Fed. R.Civ.P.* 42(a) are substantially similar.

Cir.1982) ] ).[8] When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff. *Id.*

(footnote added).

In light of the considerations expressed by this Court in *Holland* and *Pickett* and of the factors identified by the *Johnson* court, we find that the trial court, when exercising its discretion in deciding consolidation issues under *W.Va.R.Civ.P.* 42(a), should consider the following factors: (1) whether the risks of prejudice and possible confusion outweigh the considerations of judicial dispatch and economy; (2) what the burden would be on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple lawsuits as compared to the time required to conclude a single lawsuit; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. When the trial court concludes in the exercise of its discretion whether to grant or deny consolidation, it should set forth in its order granting or denying consolidation sufficient grounds to establish for review why consolidation would or would not promote judicial economy and convenience of the parties, and avoid prejudice and confusion.

In the case now before us, we believe that the risk of prejudice in consolidating the wrongful death action with the other two causes of action outweighs the considerations of judicial dispatch and economy. Although each of the plaintiffs was involved in an accident while working at the power plant, only one of the accidents resulted in death.[9] Clearly, the tragic nature of Mr. Cragg's death could affect the jury's determination of the cases involving Ms. Terry and Mr. England, especially if the jury believes that recovery in each of the cases is interdependent because of the consolidation.

Therefore, we conclude that the actions filed by Ms. Terry and Mr. England should be consolidated, and the cause of action for Mr. Cragg's death should be tried separately. We do not believe that separating the wrongful death action from the other two actions will unduly burden the parties. Moreover, by consolidating the actions filed by Ms. Terry and Mr. England, the length of time for concluding the trial and the expense to the parties will still be less than if all three actions were tried separately.[10]

### III

For the reasons stated herein, the writ of prohibition is granted, as moulded.

Writ granted as moulded.

---

**8.** We point out that while *Celotex* is an asbestos case, the quoted language upon which the *Celotex* court relies is taken from a case involving personal injury and wrongful death. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186 (4th Cir. 1982).

**9.** We note that the accidents involving Ms. Terry and Mr. England and the injuries they sustained as a result are much more closely related.

**10.** As a result of our decision in this case, the issue of bifurcation of liability and damages, which has been held in abeyance by the circuit court, may be affected. The circuit court will no doubt address this issue in more detail in light of our decision.