STATE *ex rel.* BANK OF RIPLEY, A CORPORATION

*v.*

JAMES LEE THOMPSON, JUDGE, CIRCUIT COURT, MASON COUNTY, WEST VIRGINIA AND JESSE F. HARRELL, JR.

(No. 12372)

Submitted October 13, 1964.     Decided December 15, 1964.

*Ronald H. Adams,* for relator.

*Hyer & Littlepage, Samuel D. Littlepage,* for respondents.

BERRY, JUDGE:

This prohibition proceeding was instituted under the original jurisdiction of this Court by the petitioner Bank of Ripley against the defendants, James Lee Thompson, Judge of the Circuit Court of Mason County, West Virginia, and Jesse F. Harrel, Jr. for a writ of prohibition to prohibit the defendants from proceeding further in connection with an order entered by the defendant, James Lee Thompson, on the 14th day of September, 1964, transferring an action instituted and now pending in the Circuit Court of Jackson County by the petitioner Bank of Ripley against the defendant, Jesse F. Harrell, Jr. from said Circuit Court of Jackson County, West Virginia, to the Circuit Court of Mason County, West Virginia, and to adjudge said order to be of no force and effect and null and void. A rule was granted by this Court on September 21, 1964, returnable October 13, 1964, at which time this proceeding was submitted on argument and briefs for decision by this Court.

The matter in controversy in this proceeding arose out of a series of events beginning with an execution of a note by the defendant Harrell to the Bank of Ripley in the amount of $574.50 on August 3, 1961. Payments were made by Harrell on this note reducing the amount due to $421.30. On July 16, 1962 an action was instituted in the Circuit Court of Mason County, West Virginia by the plaintiff to recover the unpaid balance on said note. On September 21, 1962 a default judgment was entered in favor of the plaintiff by the Circuit Court of Mason County. The judgment referred to hereinabove was set aside on March 6, 1964. The defendant filed a petition in bankruptcy on July 9, 1962 and obtained a discharge in bankruptcy on September 25, 1962.

On April 2, 1964 the plaintiff instituted an action in the Circuit Court of Jackson County, West Virginia alleging that a promise was made by the defendant Harrell to pay the plaintiff $421.30, after which payments were made on the promise, reducing the amount due and owing to the plaintiff on this promise to $306.40. Personal service in this action was had on the defendant on April 9, 1964, and on April 29, 1964 the defendant timely and properly filed an answer and counterclaim to said action instituted on April 2, 1964 in the Circuit Court of Jackson County. The defendant then went into Mason County and filed on May 4, 1964 an answer to the action still pending in that Court, setting up the discharge in bankruptcy as a bar to the action and four days later, on May 8, 1964, the defendant filed a counterclaim to said action in the Circuit Court of Mason County, without obtaining leave of the Court required by Rule 13 (f) R.C.P. A motion for a summary judgment under Rule 56 (b) R.C.P. having been made by the defendant, judgment was entered thereon by the Judge of the Circuit Court of Mason County on September 8, 1964 dismissing the action on the merits but continuing the counterclaim for further proceeding.

On September 8, 1964 the defendant moved the Circuit Court of Mason County to "consolidate" the action pending in Jackson County with the action pending in Mason County and in compliance therewith the Circuit Court of Mason County, on September 14, 1964, *transferred* the action pending in the Circuit Court of Jackson County to the Circuit Court of Mason County under the provisions of Rule 42 (b) R.C.P.

The only question involved in this proceeding is whether or not the action instituted in the Circuit Court in Jackson County can be transferred to the Circuit Court of Mason County by the Judge of the Circuit Court of Mason County.

Rule 42 (b) R.C.P. governs such matters. This Rule, pertinent to the case at bar, reads as follows:

> "When two or more actions arising out of the same transaction or occurrence are pending before different courts or before a court and a justice of the peace, the court in which the first such action

was commenced shall order all the actions transferred to it or any other court in which any such action is pending. The court to which the actions are transferred may order a joint hearing or trial of any or all of the matters in issue in any of the actions; it may order all the actions consolidated; and it may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. * * * "

It can readily be seen from the language of this Rule that if the two actions in question arose out of the same transaction or occurrence and both actions are still pending in the Circuit Courts of Mason and Jackson Counties it is mandatory that the Court in which the first action was commenced transfer the action either to Mason County or to Jackson County; that is, to either the court where the first action was commenced or to the court where the other action was still pending. After one of the actions is transferred then it is discretionary with the Court to which one of the actions has been transferred to consolidate the actions for trial if there is a common question of law and fact in both actions. Rule 42 (a) R.C.P.

It is the contention of the petitioner: That these actions do not arise out of the same transaction or occurrence but that the counterclaims filed in both Courts did arise out of the same transaction; that since the first counterclaim was filed in Jackson County and the other counterclaim filed later in Mason County was the only matter pending in the Circuit Court of Mason County, the main action having been dismissed on its merits in Mason County, the counterclaim remaining there should be transferred to Jackson County; and that the Circuit Court of Mason County exceeded its legitimate power in transferring the action and counterclaim filed in Jackson County to Mason County.

It is the contention of the defendant Harrell that all of the matters involved in the actions instituted in both Mason and Jackson Counties, as well as all of the pleadings including the answers, counterclaims, motions to dismiss and replies arise out of the same transaction or occurrence, and that the action instituted by the Bank of Ripley in Mason County

on July 16, 1962 was prior by almost two years to the action instituted by the Bank in Jackson County, and therefore the Jackson County case should be transferred to Mason County.

It appears from the pleadings contained in the record of this proceeding that everything that took place arose out of the note dated August 3, 1961 given to the Bank of Ripley by the defendant Jesse F. Harrell, Jr., wherein he promised to pay the sum of $541.50 in fifteen monthly installments. When the defendant Harrell failed to make such payments the Bank of Ripley instituted the first action in the Circuit Court of Mason County after which the defendant was discharged in bankruptcy and the default judgment obtained in the Circuit Court of Mason County was set aside apparently because of defective service.

The action instituted in the Circuit Court of Jackson County on April 2, 1964 was based on a new promise to pay the same debt which had been barred by the discharge in bankruptcy. The answer filed by the defendant Harrell to the action in Jackson County denied the new promise and set up the discharge in bankduptcy as a bar to the action which was the same discharge in bankruptcy later pleaded in the action still pending in the Circuit Court of Mason County. The counterclaim which was properly pleaded as part of the answer filed in the Circuit Court of Jackson County was based on a deposit of $150.00 by the defendant's father to the defendant's credit in the Bank of Ripley which defendant alleged was wrongfully and unlawfully appropriated and converted to the Bank's use by apparently applying such deposit to the alleged debt owed the Bank by the defendant, James F. Harrell, Jr. This same counterclaim was separately filed without required leave of the Court in Mason County. Rule 13 (f) R.C.P. The Bank of Ripley filed a proper reply to the counterclaims and motions in both the Circuit Courts of Mason and Jackson Counties. Rule 7 R.C.P. It is therefore clear from the pleadings filed and contained in the record of this proceeding that all of the matters involved in the two actions arose out of the same transaction or occurrence. However, it is the contention of the

petitioner, Bank of Ripley, that the first action instituted in Mason County on July 16, 1962 has been dismissed by a final judgment on the merits returned in favor of the defendant leaving only the counterclaim pending in said Court which was filed some ten days after the counterclaim was filed in Jackson County. But by virtue of the provisions of Rule 54 (b) R.C.P. there being no express determination by the Court that there was no just reason for delay in the entry of an order for final judgment, the order entered by the Circuit Court of Mason County dismissing the action did not terminate said action as to any of the claims and the order was subject to revision at any time before the entry of judgment adjudicating all of the claims. Under the provision of Rule 54 (b) R.C.P. all claims are still pending in Mason County and the action and counterclaim is still pending in Jackson County.

The action in Mason County having been the fiirst one commenced and having arisen out of the same transaction or occurrence involved in both actions, it became mandatory on the part of the Judge of the Circuit Court of Mason County to order a transfer either to or from Mason County. Perhaps it would have been more appropriate under the circumstances of this case to have made the transfer to Jackson County because the action arose in Jackson County and apparently both parties reside there. However, under Rule 42 (b) R.C.P. the Court in which such action was first commenced can order the transfer to itself, and the Circuit Court of Mason County apparently desired to hear the case with all its ramifications, which, of course, it will have to decide on the eventual disposition of this proceeding because, as stated above, the only issue involved in this proceeding for a writ of prohibition is the transfer of an action from one Circuit Court to another Circuit Court. We can see no abuse of discretion regardless of which way the lower court might have ruled, particularly in view of the fact that the plaintiff brought similar suits in different counties.

A discharge in bankruptcy does not extinguish the debt and the debtor may either waive such defense or revive it by new promise. 2 M.J., Bankruptcy, §§ 110, 111; 8B C.J.S.,

Bankruptcy, §583. All of these matters must be disposed of by the Circuit Court of Mason County after a full hearing.

It should be pointed out that Rule 42 (b) R.C.P. covers the subject matter of Trial Court Rule XIII promulgated by this Court and supersedes it, but Rule 42 (b) R.C.P. is a considerable enlargement thereof and governs not only actions for negligence but of contracts and other causes as well. It has no counterpart in the Federal Rules of Civil Procedure although the Federal Rules do contain almost identical wording to 42 (a) R.C.P. relating to the consolidation of actions in the same court. However, the transfer of actions from one district court to another is possible under a federal statute. 28 U.S.C.A., §1404 (a). In discussing the Federal Rule 42 (a) it is stated in Vol. 2B, Federal Practice and Procedure, Barron and Holtzoff, Section 941, that an order denying or granting a consolidation is not final and thus is not usually appealable and by the same token it should not ordinarily be subject to collateral attack.

On the question of whether transfer orders are reviewable on appeal or controllable by extraordinary remedies, a lengthy analysis in Vol. 1, Federal Practice and Procedure, Barron and Holtzoff, Section 867, concludes that they are rarely appealable, but that there is considerable conflict amongst the circuits as to their controllability by prohibition or mandamus, with the trend, supported by logic, to refuse to control transfer by such writs unless in a case of clear abuse.

The reason for such Rules relating to the transfer and consolidation of actions is to avoid unnecessary cost or delay and to avoid the necessity of two trials instead of one, therefore avoiding the possibility of judgments in direct conflict. See Rule 42 (b) R.C.P.; *Hoffman* v. *Stuart*, 188 Va. 785, 51 S. E. 2d 239.

It appearing that the first action was commenced in the Circuit Court of Mason County and that both actions arose out of the same transaction or occurrence, therefore the Circuit Court of Mason County had jurisdiction and authority to transfer the action pending in the Circuit Court of Jack-

190

son County to the Circuit Court of Mason County, being specifically authorized to do so under Rule 42 (b) R.C.P.

Accordingly, the writ prayed for by the petitioner is denied.

*Writ denied.*