418 S.E.2d 594

Marian HANLON, as Administratrix of the Estate of Ronald L. Hanlon, Plaintiff,

v.

JOY MANUFACTURING COMPANY, a Corporation; Cooper Industries, Inc., a Corporation; Cummins–Wagner Company, Inc., a Corporation; Norair Realty Company, Inc., a Corporation; Norair Engineering Corp., a Corporation; the Public Land Corporation of West Virginia, a Public Corporation; and the State of West Virginia, Defendants.

Marian J. HANLON, as Administratrix of the Estate of Ronald L. Hanlon, Plaintiff,

v.

JOY MANUFACTURING, a Corporation; Cooper Industries, Inc., a Corporation; APT, Incorporated, a Corporation; Zando, Martin & Milstead, Inc., a Corporation; ZMM, Inc., a Corporation; Cummins–Water Company, Inc., a Cor-

poration; Norair Engineering Corporation, a Corporation; Norair Engineering Associates, Inc., a Corporation; the Public Land Corporation of West Virginia, a Public Corporation; and the State of West Virginia, Defendants.

No. 20673.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1992.

Decided May 28, 1992.

Frank Sansalone, Fairmont, for plaintiff.

P. Brennan Hart, Scott G. Dunlop, Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas & Conaway, Pittsburgh, Pa., Timothy J. Padden, Charles J. Crooks, Rose Padden & Petty, L.C., Morgantown, for Joy Mfg. Co. and Cooper Industries, Inc.

Joseph A. Yablonski, Washington, D.C., for Estate of Duane Liller.

Duke A. McDaniel, Petersburg, for Estate of Randall Crowl.

Billy D. Atkins, Furbee, Amos, Webb & Critchfield, Morgantown, for Cummins-Wagner Co., Inc.

Linda Rae Artimez, Schrader, Byrd, Byrum & Companion, Wheeling, for Canaan Valley Resorts, Inc.

Charles G. Johnson, Allen, Johnson & Simmerman, Clarksburg, for Norair Realty Co., Inc. and Norair Engineering Corp.

David B. Thomas, Spilman, Thomas, Battle & Klostermeyer, Charleston, for APT, Inc.

Gerard R. Stowers, Bowles Rice McDavid Graff & Love, Charleston, for ZMM, Inc.

Herbert G. Underwood, Steptoe & Johnson, Clarksburg, for State of W. Va. and Public Land Corp. of West Virginia.

NEELY, Justice:

In this case, the Circuit Court of Monongalia County has certified the following questions to us:

1. Under the circumstances where there is a wrongful death action filed in the Circuit Court of Monongalia County arising out of a specific fire at a certain building at Canaan Valley Resort; and where there is a property damage action later filed in the Circuit Court of Tucker County arising out of the occurrence of the same fire; and where many of the parties to the Monongalia County action are also parties to the Tucker County action, is the Circuit Court of Monongalia County, under the provisions of Rule 42(b) of the West Virginia Rules of Civil Procedure, *required to transfer* either the Tucker County action to the Circuit Court of Monongalia County or to transfer the Monongalia County action to the Circuit Court of Tucker County?

2. Was the Circuit Court of Monongalia County *required* by Rule 42(b) of the West Virginia Rules of Civil Procedure to order the transfer requested by the attached Motion to Transfer where the Circuit Court of Monongalia County believed that the Monongalia County action and the Tucker County action, even if transferred, *should not be consolidated?*

We answer both certified questions in the affirmative.

## I.

The certified questions before us arise out of an accident in Tucker County. On 14 February 1988, Ronald L. Hanlon, Dale W. Liller, and Randy Lee Crowl died as the result of a flash fire in an equipment building at the Canaan Valley Resort. Each man's estate instituted a wrongful death action in the Circuit Court of Monongalia County, including as defendants the petitioners before us, Cooper Industries, Inc. and Joy Manufacturing Company. The petitioners settled the actions brought by the estates of Mr. Liller and Mr. Crowl, but the action brought by the estate of Mr. Hanlon is still pending in Monongalia County. After the estate of Mr. Hanlon filed its suit, the West Virginia Department of Natural Resources, the West Virginia Department of Commerce, the Public Land Corporation of West Virginia and Canaan Valley Resorts, Inc. filed a property damage action in the Circuit Court of Tucker County, including as defendants petitioners Cooper and Joy. The Circuit Court of Monongalia County has since certified these questions to us in order to determine if one of these actions must be transferred.

## II.

Rule 42(b) of the *West Virginia Rules of Civil Procedure* [1978], states:

Consolidation of actions in different courts.—*When two or more actions arising out of the same transaction or occurrence are pending before different courts* or before a court and a justice of the peace, *the court* in which the first such action was commenced *shall order all the actions transferred to it or any other court in which any such action is pending.* The court to which the actions are transferred may order a joint hearing or trial of any or all of the matters in issue in any of the actions; it may order all the actions consolidated; and it may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Whenever one of the actions is pending before a justice of the peace and a judgment is rendered by the justice for $15.00 or less, such judgment of the justice shall in no manner affect the other action pending in the court; the doctrine of res judicata shall not apply to such judgment, nor shall any such judgment of the justice be

admissible in evidence in the trial of the other action pending in the court. [Emphasis added.]

 In the Syllabus of *Bank of Ripley v. Thompson*, 149 W.Va. 183, 139 S.E.2d 267 (1964) we interpreted Rule 42(b) and stated:

> Under the provisions of Rule 42(b) R.C.P., when two actions arise out of the same transaction or occurrence and both actions are pending in two different circuit courts, it is mandatory that the court in which the first action was commenced either transfer the other action to the court where the first action was commenced or transfer its pending action to the court where the other action is still pending. After one of the actions is transferred, then it is discretionary with the court to which one of the actions has been transferred to consolidate the actions for trial, under Rule 42(a) R.C.P., if there is a common question of law and fact in both actions.

Although we have traditionally allowed trial courts wide discretionary power in deciding whether to consolidate cases (*see Holland v. Joyce*, 155 W.Va. 535, 185 S.E.2d 505 (1971)), as *Bank of Ripley* indicates, the same has not been true for motions to transfer under Rule 42(b). Under Rule 42(b), the court *shall transfer* all actions arising out of the same transaction or occurrence. Clearly, in this case, both actions arise out of the 14 February 1988 flash fire at Canaan Valley Resort. Therefore, under the mandatory language of Rule 42(b) of the *West Virginia Rules of Civil Procedure* [1978], the Circuit Court of Monongalia County must order the transfer of both actions to the same court. The determination of which case should be transferred is within the sound discretion of the Circuit Court of Monongalia County.

For the foregoing reasons, the certified questions are answered in the affirmative.

Certified Questions Answered.