640 S.E.2d 192

STATE of West Virginia ex rel. Thomas TAYLOR, Melody and Daryl Johnson, and Leonard and Iris Lucas, Petitioners,

v.

The Honorable David W. NIBERT, Judge of the Circuit Court of Roane County, Nationwide Mutual Insurance Company, and George G. O'Dell, Jr., and Stacy McKown O'Dell, Respondents.

No. 33175.

Supreme Court of Appeals of West Virginia.

Submitted: Nov. 1, 2006.

Decided: Nov. 30, 2006.

Scott S. Segal, Esq., Victor S. Woods, Esq., The Segal Law Firm, Charleston, for Thomas Taylor, Melody and Daryl Johnson, and Leonard and Iris Lucas.

Robert D. Aitcheson, Esq., Charles Town, for Thomas Taylor and Melody and Daryl Johnson.

Jay T. McCamic, Esq., McCamic, Sacco, Pizzuti & McCoid, PLLC, Wheeling, for Leonard and Iris Lucas.

Walter M. Jones, III, Esq., Susan R. Snowden, Esq., Martin & Seibert, L.C., Martinsburg, for Nationwide Mutual Ins. Co.

Ralph E. Troisi, Esq., Waverly, Todd S. Wiseman, Esq., Vienna, William E. Kiger,

Esq., Parkersburg, for George O'Dell, Jr., and Stacy O'Dell.

MAYNARD, Justice.

This case is before this Court upon a petition for a writ of prohibition filed by Thomas Taylor, Melody and Daryl Johnson, and Leonard and Iris Lucas (hereinafter "petitioners") against the respondents, the Honorable David W. Nibert, Judge of the Circuit Court of Roane County, Nationwide Mutual Insurance Company, George G. O'Dell, Jr., and Stacy McKown O'Dell. The petitioners seek to prohibit the circuit court from enforcing its order transferring their cases to Roane County and consolidating them with a pending class action. The petitioners further seek to prohibit the circuit court from enforcing its order granting preliminary class certification insofar as it attempts to create a mandatory, non-opt-out punitive damages class on the basis of a "limited punishment" theory.

This Court has before it the petition for writ of prohibition, the responses thereto, and the argument of counsel. For the reasons set forth below, the writ is granted as moulded.

## I.

### FACTS

The petitioners are plaintiffs in three separate cases wherein Nationwide is named as a party defendant based upon its alleged failure to pay the full amount of uninsured and underinsured motorist coverage benefits due under certain automobile insurance policies. The Taylor and Johnson civil actions were originally filed in Jefferson County while the Lucas case was filed in Marshall County. According to the petitioners, their cases were transferred from their chosen forums to Roane County, without any prior notice whatsoever, and consolidated with twenty other civil actions from around West Virginia into a pending class action by order entered on January 27, 2005, by the Circuit Court of Roane County (hereinafter "Transfer Order").[1]

The pending class action arises out of written notices mailed by Nationwide to its West Virginia policyholders offering uninsured and underinsured motorist coverages in 1993 and 1999. It is alleged that the 1993 notices were defective for a number of reasons including the failure of Nationwide to (1) keep a list of the policyholders to whom such notices were sent; (2) quote accurate prices for the uninsured and underinsured motorists coverages being offered; and (3) mail such notices within the time frame prescribed by the West Virginia Insurance Commissioner. It is alleged that the 1999 notices were defective because they contained a heading stating "OFFER VALID AFTER THIRTY DAYS (30) DAYS" instead of "OFFER VOID AFTER THIRTY (30) DAYS" as mandated by the Insurance Commissioner's form.[2] The Transfer Order indicates that the cases were transferred and consolidated pursuant to Rule 42(b) of the West Virginia Rules of Civil Procedure for "the purpose of enabling the Settlement Parties to proceed with a settlement of this matter." On the same day the Transfer Order was entered, the circuit court also entered a class certification order (hereinafter "Certification Order") which conditionally certified two classes based upon a stipulation between Nationwide and the class representatives. One of the classes contains a punitive damages subclass designated as a mandatory or non-opt-out class pursuant to Rule 23(b)(1)(B) of the West Virginia Rules of Civil Procedure.

The petitioners' objections to the transfer of their cases were rejected. Thereafter, they filed a motion on June 24, 2005, to decertify the class action into which their cases had been consolidated. The petitioners argued that the lower court failed to make any findings supporting its class certification as mandated by Syllabus Point 8 of *In re West Virginia Rezulin Litigation*, 214 W.Va. 52, 585 S.E.2d 52 (2003), and that the manda-

---

1. The Roane County class action is styled *Nationwide Mutual Ins. Co. v. George G. O'Dell, Jr., et al.*, Civil Action No. 00–C–37.

2. On January 23, 2004, the Circuit Court of Roane County ruled that this defect in the 1999 notices rendered them insufficient to provide a commercially reasonable offer in compliance with W.Va.Code §§ 33–6–31(b) and –31d.

tory punitive damages subclass failed to meet the requirements of W.Va. R. Civ. P. 23(b)(1)(B) and due process. The motion was heard on November 14, 2005, and denied by order entered on June 3, 2006.

In denying the petitioners' motion, the court stated that its class certification was "truly unique" in that it could be construed as "neither a conditional certification of a settlement class nor a trial class, in the traditional sense of those words;" rather, it amounted to a "temporary certification" with "no binding effect" and was "geared solely to the limited goal of putting the entirety of this litigation on a proper platform and schedule [for discovery purposes]." Following entry of this order, the petitioners filed this petition for a writ of prohibition.

## II.

### STANDARD FOR GRANTING A WRIT OF PROHIBITION

In Syllabus Point 1 of *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953), this Court held that, "Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari."

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines

that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these standards in mind, we now determine whether a writ of prohibition should be issued.

## III.

### DISCUSSION

The petitioners first contend that the circuit court exceeded its legitimate powers by transferring their cases to Roane County pursuant to Rule 42(b) of the West Virginia Rules of Civil Procedure. Rule 42(b) provides:

When two or more actions arising out of the same transaction or occurrence are pending before different courts or before a court and a magistrate, the court in which the first such action was commenced shall order all the actions transferred to it or any other court in which any such action is pending. The court to which the actions are transferred may order a joint hearing or trial of any or all of the matters in issue in any of the actions; it may order all the actions consolidated; and it may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Whenever one of the actions is pending before a magistrate and a judgment is rendered by the magistrate for $15.00 or less, such judgment of the magistrate shall in no manner affect the other action pending in the court; the doctrine of res judicata shall not apply to such judgment, nor shall any such judgment of the magistrate be admissible in evidence in the trial of the other action pending in the court.

The petitioners maintain that the transfer was not sanctioned by Rule 42(b) because their cases do not arise from the "same transaction or occurrence" as those cases pending in Roane County.

This Court first considered what constitutes the "same transaction or occurrence" in *State ex rel. Strickland v. Daniels,* 173 W.Va. 576, 318 S.E.2d 627 (1984). In that case, this Court had to determine whether claims for invasion of privacy and intentional infliction of emotional distress arose out of the same transaction that resulted in eviction proceedings such that the tort claims should have been considered as compulsory counterclaims. After looking at federal court decisions for guidance, this Court concluded in Syllabus Point 4, in part, of *Daniels,* that "claims and counterclaims arise out of the same 'transaction or occurrence' when there is a logical relationship between the claim and the counterclaim."

Although we have not defined what constitutes a "logical relationship," we can again find guidance from other courts. In that regard, several courts have adopted what has been labeled as "the logical relationship test" as a means of determining whether claims arise from the same transaction or occurrence. The test was set forth in *Revere Copper and Brass Inc. v. Aetna Casualty and Surety Co.,* 426 F.2d 709, 715 (5th Cir. 1970), as follows,

> [A] claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*See also In re Lazar,* 237 F.3d 967, 979 (9th Cir.2001) ("A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.").

In this case, the petitioners assert that the only operative fact common to the transferred cases is that they all purportedly involve Nationwide's actions in offering its policyholders uninsured and underinsured motorist coverages using substantially similar forms. They point out that these offers were made to individual policyholders, pertained to separate policies of insurance issued at different times under varying circumstances, and involved different levels of coverage. The petitioners further contend that all of the cases sought to be transferred and consolidated involved widely disparate conduct on the part of Nationwide in denying coverage. In summary, the petitioners say that these offers encompassed a multitude of individual transactions between Nationwide and its policyholders, none of which share a common aggregate of operative facts so as to require transfer under Rule 42(b).

The petitioners further argue that the transfer was improper because neither the 1993 nor the 1999 mass mailings are relevant to their cases. For example, the petitioners note that Nationwide initially denied coverage in the Taylor case based on the 1999 mass mailing, but later retreated from that position in the context of a summary judgment motion by asserting that the requirements of W.Va.Code § 33–6–31(b) were satisfied by a March 20, 1998 document unrelated to the mass mailings. The petitioners conclude that if the transfer order only applies to cases challenging the 1993 and 1999 mass mailings, then petitioner Taylor's case should not have been transferred since the mailings are not relevant to his case.

In response, the O'Dells [3] argue that the circuit court properly ordered transfer and consolidation under Rule 42. The O'Dells maintain that the transferred cases arose out of the same transaction or occurrence, i.e., Nationwide's failure to make commercially reasonable offers of uninsured and underinsured coverages to insureds under W.Va. Code §§ 33–6–31 and 33–6–31d by means of its 1993 and 1999 mass mailings. The O'Dells contend that there clearly is a logical relationship between the claims in the *O'Dell* class action and the petitioners' claims. The O'Dells assert that the petitioners inexcusably gloss over the fact that the 1993 and 1999 mailings were mass mailings. In other

---

3. We note that the O'Dells are the representative   plaintiffs in the Roane County class action.

words, the documents that were sent to policyholders were identical in all important respects. Furthermore, errors in the mass mailings were identical; for example, the 1999 mailings all used the word "VALID" instead of "VOID."

Likewise, Nationwide also asserts that the petitioners' claims arise out of the same transaction or occurrence as all other transferred cases, specifically, its 1993 and 1999 mass mailings. Nationwide maintains that the Rule 42(b) requirements for transfer have been met. In that regard, Nationwide contends that all of the transferred cases are based on the allegation that its offers of uninsured and underinsured coverages did not comply with state law. Nationwide also argues that another consideration supporting the Transfer Order is the burden that would be placed on parties, witnesses, and available judicial resources if multiple lawsuits are allowed to go forward.

Having thoroughly considered the parties' arguments as well as the applicable law, we find that the petitioners' request for a writ of prohibition with respect to the Transfer Order should be granted. As noted above, transfer is required under Rule 42(b) only when two or more actions arise out of the "same transaction or occurrence." Utilizing the "logical relationship test," we are unable to find that the cases are logically related such that it can be said that they arose out the same transaction or occurrence. We are, of course, mindful of the fact that all of the plaintiffs have claims for uninsured or underinsured motorist coverage and all received either or both of the 1993 and 1999 mailings offering such coverages. However, the fact that all of the plaintiffs received the mailings is simply not a sufficient basis by itself for mandatory transfer.

In Mr. Taylor's case, the mailings are not relevant. First, Mr. Taylor was not a Nationwide insured in 1993. Clearly, the 1993 mailing has no impact upon his case. Secondly, Nationwide has asserted and the Circuit Court of Jefferson County has ruled that the 1999 mailing is not relevant to his case.[4]

Thus, even though Mr. Taylor received an offer for uninsured and underinsured motorist coverages by mail in 1999 like the plaintiffs in the class action pending in Roane County, there is no basis to transfer his case to that forum given the fact that the mailing will not be a factor in the resolution of his claims against Nationwide.

While the mailings may be at issue in the cases of the other petitioners, Mr. and Mrs. Johnson, and Mr. and Mrs. Lucas, we are unable to find that their claims arose out of the same aggregate of operative facts. In that regard, the petitioners' claims for uninsured or underinsured motorist coverage arose as a result of separate motor vehicle accidents involving an uninsured or underinsured motorist. See Syllabus Point 4, in part, State Automobile Mut. Ins. Co. v. Youler, 183 W.Va. 556, 396 S.E.2d 737 (1990) ("W.Va.Code, 33-6-31(b), as amended, on uninsured and underinsured motorist coverage, contemplates recovery, up to coverage limits, from one's own insurer, of full compensation for damages not compensated by a negligent tortfeasor who at the time of the accident was an owner or operator of an uninsured or underinsured motor vehicle."). Thus, the operative facts in each civil action are different. Simply put, the cases arose from separate transactions or occurrences. The fact that the petitioners received offers for uninsured and underinsured motorist coverage from Nationwide by mail in 1993 and/or 1999 is not the transaction or occurrence which gave rise to their civil actions. While it is true that common questions of law may arise regarding whether Nationwide made commercially reasonable offers of uninsured and underinsured motorists coverage to insureds such as the petitioners, such inquiries alone cannot be the basis for transfer under Rule 42(b).

Rule 42(b) only mandates transfer when cases arise out the same transaction or occurrence. For the reasons set forth above, we are unable to conclude that the petitioners' cases arose out of the same transaction or occurrence as those cases pending in

---

**4.** It appears that Nationwide relied upon a 1998 waiver purportedly obtained from Mr. Taylor to deny him coverage.

Roane County, and therefore, we find that the circuit court exceeded its legitimate powers by transferring the cases from the petitioners' chosen forums. We note that the claims of the O'Dells and the other members in the class action pending in Roane County may be sufficiently similar to warrant class action treatment; however, that question was not before us here. Rather, our analysis was limited to determining whether the petitioners' cases were properly transferred to Roane County under Rule 42(b). Because we believe the transfer was improper due to the fact that the petitioners' cases arose from different transactions or occurrences, the request for a writ of prohibition is hereby granted.

While we have concluded that the transfer of the petitioners' cases to Roane County was improper under Rule 42(b), we feel compelled to comment on the nature of the rule. As noted above, the petitioners' cases were transferred to Roane County without any prior notice and thus, the petitioners had no opportunity to object to the transfer until after the transfer was complete. Obviously, the decision to transfer the cases pursuant to Rule 42(b) was based upon the representations of the party requesting the transfer, in this instance, Nationwide, that the cases arose out of the "same transaction or occurrence." We believe the decision to transfer the cases without giving an opportunity to the petitioners to object was unfair and contrary to the purpose of Rule 42(b).

"The reason for such Rules relating to the transfer and consolidation of actions is to avoid unnecessary cost or delay and to avoid the necessity of two trials instead of one, therefore avoiding the possibility of judgments in direct conflict." *State ex rel. Bank of Ripley v. Thompson*, 149 W.Va. 183, 189, 139 S.E.2d 267, 271 (1964). Transferring cases pursuant to Rule 42(b) without giving an opportunity to the parties in the cases being transferred to object has the opposite effect, when, as in this case, transfer is not proper. Here, the Transfer Order was entered on January 27, 2005, and now, almost

two years later, it has been determined that the transfer was improper. As a result, the petitioners have incurred considerable costs and delay. It is very likely that Mr. Thomas' case would have been resolved by now had it not been transferred to Roane County.

■ Accordingly, we now hold that when a motion is made to have an action transferred pursuant to Rule 42(b) of the West Virginia Rules of Civil Procedure, the movant must give notice to all parties in the case(s) to be transferred. The parties in the case(s) to be transferred must be given the opportunity to object prior to the transfer and if requested, the transferring court shall hold a hearing to determine whether transfer is proper under Rule 42(b). Of course, in an appropriate case, the decision of a circuit court transferring or refusing to transfer a case pursuant to Rule 42(b) can be reviewed by this Court on an extraordinary writ.[5]

Having found that the petitioners' cases should not have been transferred to Roane County, the petitioners' arguments with respect to the Certification Order are moot.

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the petition for a writ of prohibition is granted as moulded. The Transfer Order of the Circuit Court of Roane County entered on January 27, 2005, is hereby vacated with respect to the petitioners' civil actions. The circuit court is hereby ordered to transfer the petitioners' cases back to their chosen forums immediately.

Writ Granted as Moulded.

---

5. Whether parties in a case properly transferred pursuant to Rule 42(b) should have the right to opt-out is an issue that we save for another day,

and that issue should be approached in the context of a rule change and not in an opinion.